UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| LANCE WALTERS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:19-cv-00415-JPH-DLP ) |
| CORIZON MEDICAL SERVICES INC., *et al.* | ) ) |
| Defendants. | ) ) |

**ENTRY SCREENING COMPLAINT, SEVERING CLAIMS,
AND DIRECTING ISSUANCE OF PROCESS**

Plaintiff Lance Walters is an inmate at Putnamville Correctional Facility. Because Mr. Walters is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal, the amended complaint:

> must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se pleadings such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

## II. The Complaint

The complaint concerns incidents that occurred while Mr. Walters was incarcerated at Plainfield Correctional Facility (PCF) from approximately 2016–2017. Mr. Walters asserts claims against 18 defendants. They include:

- Wexford Health Sources, Inc., which has contracted to provide medical services to Indiana Department of Correction (IDOC) inmates;
- Corizon Medical Services, Inc., which preceded Wexford as the IDOC's medical provider;
- eight medical professionals employed by Wexford and Corizon to treat PCF inmates; and
- eight IDOC employees at PCF.

Mr. Walters asserts four groups of claims. The first concerns his treatment for skin lesions, which ultimately proved to be a symptom of lupus. Medical professionals Bethany Chidley, Murat Polar, Loice Mukona, John Reynolds, and Dawn Antle dismissed the lesions as a rash and refused to treat them for at least seven months.

The second group of claims concerns the prison staff's treatment of Mr. Walters after he was diagnosed with lupus. Due to joint pain and muscle weakness, a doctor ordered that Mr. Walters be provided with a wheelchair and two-piece clothing (as opposed to a one-piece jumpsuit, which was more difficult to put on). On multiple occasions, Sergeant Eads and Nurses Becky Trivett and Dawn Antle took away the wheelchair and two-piece clothing even though they were ordered by a doctor. Mr. Walters sought assistance from Rachael Houghton, Stanley Knight, Raymond Kinneson, and Lieutenant Roach, but they ignored his complaints.

2

The third group of claims concerns treatment for an injury Mr. Walters suffered while using a broken wheelchair. At one point, the wheelchair provided to Mr. Walters was damaged and caused him to cut his hand. An officer Mr. Walters refers to as Jane Doe saw Mr. Walters cut himself but refused to call for help. Mr. Walters complained about this incident to Rachael Houghton and others, but they failed to investigate his complaints.

Finally, the fourth group of claims concerns Mr. Walters' treatment for chest pains on October 26, 2017. Mr. Walters told Officer Simmons, Sergeant Sutton, and Nurse Toni Jordan that he was experiencing chest pains and dizziness, and all three told him that he was "faking." Eventually, a test showed that Mr. Walters needed immediate medical attention, but Nurse Jordan delayed in treating Mr. Walters or calling for an ambulance. Eventually, Mr. Walters was taken to an emergency room. He complained to Defendants Stanley Knight, Charles Penfold, Rachael Houghton, and Raymond Kinneson, but they failed to investigate his complaints.

### III. Claims that Shall Proceed

This action **shall proceed** with Eighth Amendment claims against Defendants Chidley, Polar, Mukona, and Antle, pursuant to 42 U.S.C. § 1983, based on the theory that these defendants were deliberately indifferent to the serious medical need evidenced by Mr. Walters' skin lesions.

The action **shall also proceed** with Eighth Amendment claims against Defendants Eads, Trivett, Antle, Houghton, Knight, and Kinneson, pursuant to § 1983, based on the theory that these defendants' failure to provide Mr. Walters with a wheelchair and two-piece clothing demonstrated deliberate indifference to his serious medical needs due to lupus.

### IV. Dismissal of Claims against Corizon and Wexford

Because Corizon and Wexford acted under color of state law by contracting to perform a government function—providing medical care to state correctional facilities—they are treated as

3

government entities for purposes of Section 1983 claims. *See Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 766 n.6 (7th Cir. 2002). To prevail on an Eighth Amendment claim against Corizon or Wexford under § 1983, Mr. Walters would be required to show that the company had: (1) an express policy that, when enforced, caused a constitutional deprivation; (2) a practice so widespread that, although not authorized by written or express policy, was so permanent and well settled as to constitute a custom or usage with the force of law; or (3) an allegation that his constitutional injury was caused by a person with final policy making authority. *Estate of Moreland v. Dieter*, 395 F.3d 747, 758-759 (7th Cir. 2004). Mr. Walters has not alleged that any of these defendants' deliberate indifference toward his skin lesions or his lupus was based on a Corizon or Wexford policy or practice. Accordingly, neither Eighth Amendment claim shall proceed against Corizon or Wexford.

### V. Dismissal of Claim Regarding Cut Hand

Mr. Walters' claim regarding Officer Doe's failure to seek assistance for his cut hand may not proceed in this action. Any claim against Officer Doe must be **dismissed** for **failure to state a claim** upon which relief may be granted. "[I]t is pointless to include [an] anonymous defendant [] in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted).

Likewise, any claim based on failure to investigate Officer Doe's inaction after Mr. Walters complained must be **dismissed** for **failure to state a claim** upon which relief may be granted. It is well-settled that denying an inmate's grievance or refusing to investigate an incident after the fact does not, by itself, amount to a constitutional violation. *E.g.*, *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009) (dismissing the "contention that any public employee who knows (or should

4

know) about a wrong must do something to fix it"); *George v. Smith*, 507 F.3d 605, 609–10 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not.").

## VI. Severance of Chest Pain Claim

Mr. Walters' allegations regarding his treatment for chest pain raise a colorable Eighth Amendment claim. However, that claim may not proceed in the same action as his claims regarding deliberate indifference to skin lesions and lupus.

Defendants may be joined in a single lawsuit only if:

(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; *and*

(B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2) (emphasis added).

Mr. Walters' chest-pain claims implicate defendants not involved in his skin-lesion and lupus claims. Moreover, the chest-pain claim is based on a single, isolated incident separate from his treatment for skin lesions and lupus over longer periods of time. As a result, the defendants in the chest-pain claims would face questions of law and fact that would not be applicable to the skin-lesion and lupus defendants.

When claims are misjoined, the Court has authority to "sever any claim." Fed. R. Civ. P. 21. In fact, it is preferable for the Court to sever misjoined claims, "allowing those grievances to continue in spin-off actions, rather than dismiss them." *Wilson v. Bruce*, 400 F. App'x 106, 108 (7th Cir. 2010) (citing Fed. R. Civ. P. 21; *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000)).

5

Therefore, Mr. Walters' chest-pain claims against Defendants Simmons, Sutton, Jordan, Knight, Houghton, and Kinneson are **severed** and shall be considered in a separate action.

The **clerk is directed** to open a new civil action in the Indianapolis Division consistent with the following:

(a) The plaintiff shall be Lance Walters.

(b) The defendants shall be (1) Officer Simmons, (2) Sergeant Sutton, (3) Stanley Knight, (4) Charles Rachael Houghton, and (5) Raymond Kinneson.

(c) The Nature of Suit shall be 555.

(d) The Cause of Action shall be 42:1983pr.

(e) The clerk shall file copies of the complaint (dkt. 1), and this Entry in the new action.

(f) This action and the new action shall be shown as linked actions on the docket.

(g) The assignment of judicial officers shall be by random draw.

The Court will screen the chest-pain claim pursuant to 28 U.S.C. § 1915A(b) once the new action is opened.

## VII. Issuance of Process

The **clerk is directed** pursuant to Federal Rule of Civil Procedure 4(c)(3) to issue process to Defendants (1) Bethany Chidley, (2) Murat Polar, (3) Loice Mukona, (4) Dawn Antle, (5) Sergeant Eads, (6) Rebecca Trivett, (7) Rachael Houghton, (8) Stanley Knight, and (9) Raymond Kinneson, in the manner specified by Federal Rule of Civil Procedure 4(d). Process shall consist of the complaint (dkt. 1), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

## VIII. Conclusion

In conclusion:

- This action **shall proceed** with Eighth Amendment claims against Defendants Chidley, Polar, Mukona, and Antle, pursuant to 42 U.S.C. § 1983, based on the theory that these defendants were deliberately indifferent to the serious medical need evidence by Mr. Walters' skin lesions.

- The action **shall also proceed** with Eighth Amendment claims against Defendants Eads, Trivett, Antle, Houghton, Knight, and Kinneson, pursuant to § 1983, based on the theory that these defendants' failure to provide Mr. Walters with a wheelchair and two-piece clothing demonstrated deliberate indifference to his serious medical needs due to lupus.

- The **clerk is directed** to update the docket to reflect that Defendants Chidley, Polar, Mukona, Antle, Eads, Trivett, Houghton, Knight, and Kinneson are the only defendants in this action and terminate all other defendants.

- Mr. Walters' claim regarding Officer Doe's failure to seek assistance for his cut hand is **dismissed** for **failure to state a claim** upon which relief may be granted for the reasons discussed in Part IV above.

- Mr. Walters' claims regarding chest pains are **severed**, and the **clerk is directed** to open a new civil action as discussed in Part V.

- The claims discussed in Parts III, IV, and V above are the only claims the Court has identified in the complaint. If Mr. Walters believes he asserted additional claims not raised by the Court, he shall have **through December 23, 2019**, to notify the court.

- The **clerk is directed** to issue process to the defendants as directed in part VI above.

**SO ORDERED.**

Date: 12/9/2019

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

LANCE WALTERS
103746
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

| | |
|---|---|
| Bethany Chidley<br>Medical Professional<br>Plainfield Correctional Facility<br>727 Moon Road<br>Plainfield, IN 46168 | Dawn Antle<br>Medical Professional<br>Plainfield Correctional Facility<br>727 Moon Road<br>Plainfield, IN 46168 |
| Murat Polar<br>Medical Professional<br>Plainfield Correctional Facility<br>727 Moon Road<br>Plainfield, IN 46168 | Rebecca Trivett<br>Medical Professional<br>Plainfield Correctional Facility<br>727 Moon Road<br>Plainfield, IN 46168 |
| Loice Mukona<br>Medical Professional<br>Plainfield Correctional Facility<br>727 Moon Road<br>Plainfield, IN 46168 | Rachael Houghton<br>Medical Professional<br>Plainfield Correctional Facility<br>727 Moon Road<br>Plainfield, IN 461 |

Electronic service to the following Indiana Department of Correction employees at Plainfield Correctional Facility:

Sergeant Eads
Stanley Knight
Raymond Kinneson

Courtesy copies to:

Douglass A. Bitner
Katz Korin Cunningham, P. C.
The Emelie Building
334 North Senate Avenue
Indianapolis, IN 46204

Jeb Adam Crandall
BLEEKE DILLON CRANDALL ATTORNEYS
8470 Allison Pointe Boulevard
Suite 420
Indianapolis, IN 46250